**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

BROWNSTONE ASSOCIATES, P.A.;
and ROBERT SIRIANNI, JR.,

      Plaintiffs,

v.                                       Case No. 6:14-cv-1293-Orl-37GJK

UNITED STATES POSTAL SERVICE,

      Defendant.

**ORDER**

This cause is before the Court on the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 13), filed on October 1, 2014. Plaintiffs have not responded to the Motion, and the time for doing so has passed. Local Rule 3.01(b). Upon consideration, the Court finds that the Motion is due to be granted.

**DISCUSSION**

Plaintiffs Brownstone Associates, P.A. and Robert Sirianni, Jr. initiated this action against the United States Postal Service ("USPS") by filing a document titled Complaint for Pure Bill of Discovery ("Complaint"). (Doc. 1.) Plaintiffs allege that an unknown person sent libelous letters concerning them to "all 50 state bar associations" from locations in Orlando, Florida. (*Id.* ¶¶ 10–18.) The USPS allegedly has information that would help identify who sent the letters, including payment documentation and a surveillance video tape. (*Id.* ¶¶ 19–24.) Plaintiffs allege that they need the information in order to pursue libel and slander claims; however, USPS allegedly will not provide the information to Plaintiffs without "a court subpoena or court order." (*Id.* ¶ 21.) Accordingly, "Plaintiffs seek an award in equity for the discovery of the information . . . ." (*Id.* ¶ 26.) The USPS moved to dismiss

the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 13.) Plaintiff has not opposed the Motion.

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction can be based upon either a facial or factual challenge to the complaint. *Kivisto v. Kulmala*, 497 F. App'x 905, 906 (11th Cir. 2012). If the challenge is facial, the Court may not look beyond the four corners of the complaint, and it must "consider the allegations in the plaintiff's complaint as true." *Id.*; *see also Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990). If the attack is factual, then the Court may consider matters outside the pleadings. *Kivisto*, 497 F. App'x at 906. In either case, the Court must presume that it lacks jurisdiction, and plaintiff has the burden of establishing the contrary. *Butler v. Morgan*, 562 F. App'x 832, 834 (11the Cir. 2014) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). If the Court determines that it lacks subject matter jurisdiction, then it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

The USPS's argument that no federal question is apparent from a review of the Complaint is a facial challenge. (Doc. 13, pp. 3–4.) Thus, the Court must determine the sufficiency of Plaintiffs' allegations that federal question jurisdiction exists because "the USPS is an agency of the U.S. Government and the case involves a potential mail fraud violation under 18 U.S.C. 1341."[1] (Doc. 1, ¶ 2.) These allegations are not sufficient. First, jurisdiction is not conferred simply because the USPS is the Defendant. *See* 28 U.S.C. § 1346 (describing the limited claims "against the United States" that will confer original jurisdiction on the district courts.) Second, jurisdiction also is not conferred simply

---

[1] The Complaint includes no reference to 28 U.S.C. § 1339, which provides that the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to the postal service."

because Plaintiffs' claim "involves a potential mail fraud." (Doc. 1, ¶ 2.) For subject matter jurisdiction to exist, Plaintiffs' action must arise from federal law—the potential involvement of a federal law is insufficient. *See Mesia v. Fla. Agric. & Mech. Univ. School of Law*, 605 F. Supp. 2d 1230, 1232–33 (M.D. Fla. 2009) (dismissing claim for bill of discovery); *Carr v. Bombardier Aerospace Corp.*, No. 10-MC-60917, 2010 WL 2220336, at *2 (S.D. Fla. 2010) (same). Because the grounds for jurisdiction alleged in the Complaint fail as a matter of law, and Plaintiff has made no effort oppose the Motion, the Motion is due to be granted.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 13) is **GRANTED**.
2. Plaintiffs' Complaint for Pure Bill of Discovery (Doc. 1) is **DISMISSED** without prejudice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 21, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record